# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY JAI BROWN, | : | MOTION TO VACATE |
| BOP ID 56283-019, | : | 28 U.S.C. § 2255 |
|   Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-2132-ELR-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|   Respondent. | : | 1:04-CR-647-ELR-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Anthony Jai Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* [22]. Because Brown is proceeding *pro se*, I have construed his motion liberally. *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Rules Governing Section 2255 Proceedings in the United States District Courts provide that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). I have examined Brown's § 2255 motion, and I conclude for the following reasons that he is not entitled to relief.

In 2005, Brown pleaded guilty to three counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a). *See* [16-1] (Plea Agreement) & [1] (Indictment). The Honorable J. Owen Forrester sentenced Brown to, *inter alia*, a 235-month term of imprisonment. *See* [21] (Judgment and Commitment). Brown did not appeal, and his time to do so expired later in 2005. *See generally* Fed. R. App. P. 4(b).

In 2017, Brown filed the § 2255 motion now pending before the Court. Brown asserts that he is entitled to relief because (1) his sentence was calculated using the wrong Guideline, (2) he did not receive a 3-level adjustment for acceptance of responsibility, and (3) his counsel "neglected to object [to] the erroneous use of prior PWID (drug cases) as a means to enhance [his] sentence when Georgia's statute does not match the generic federal definition of a CSA." [22] at 4-7.

A one-year limitation period applies to all § 2255 motions, running from the latest to occur of four specified events. *See* 28 U.S.C. § 2255(f). In most cases, the one-year limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Brown's convictions became final in 2005, it is obvious that

Brown's § 2255 motion is untimely if § 2255(f)(1) applies.  Recognizing this, Brown contends that that later start dates found in § 2255(f)(3) or (4) ought to apply in this case.  *See* [22] at 12.[1]

The first of the subsections that Brown invokes provides that the one-year limitation period begins running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The Supreme Court case that Brown points to in his motion is *United States v. Mathis*, 136 S. Ct. 2243 (2016) (decided June 23, 2016).[2]  Assuming, without deciding, *Mathis* is relevant to Brown's convictions, that decision still does not help him because that *Mathis* is not retroactive for purposes

---

[1] Brown also contends that his § 2255 motion is timely under Federal Rule of Civil Procedure 60(b), *see* [22] at 12, but Rule 60(b) does not apply to this case because Brown is not seeking relief from a final judgment or order previously entered in a civil case (*e.g.*, from the denial of a prior § 2255 motion).  *Cf. Gonzalez v. Crosby*, 545 U.S. 524, *passim* (2005) (discussing when a Rule 60(b) motion challenging a prior decision in a habeas case "is not the equivalent of a successive habeas petition").

[2] I have tried to make sense of Brown's incomplete citations to "*Hinkle v. U.S.*," "*Taylor v. U.S.*," "*Weaver v. Massachusetts*," "*Martinez v. Ryan*," and "*Trevino v. Thaler*."  *See* [22] at 13-14.  But the Supreme Court cases I can find with matching party names are all inapposite, too old to help Brown here, or, in one instance, still pending (and inapposite).  The bottom line is that none of these cases help Brown demonstrate that 28 U.S.C. § 2255(f)(3) applies here.

of § 2255(f)(3). *See, e.g., United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016); *see also In re Hernandez*, No. 17-11989, 2017 U.S. App. LEXIS 9624, at *3-4 (11th Cir. May 31, 2017) (deciding that *Mathis* is not retroactive for purposes of § 2255(h)). Consequently, the later starting date for the one-year limitation period allowed by § 2255(f)(3) in very limited circumstances does not apply in this case.

The second subsection that Brown invokes provides that the one-year limitation period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But Brown does not explain – nor can he – how *any* of his three claims relies on facts that he could not have discovered long before June 2015. Consequently, the later starting date for the one-year limitation period allowed by § 2255(f)(4) does not apply in this case, either.

Rather, it appears that in this case, as in most, § 2255(f)(1) determined the starting date for the one-year limitation period, and because that period expired for Brown in 2006, his § 2255 motion is plainly untimely.

Accordingly, I **RECOMMEND** that this case be **DISMISSED** because Brown plainly is not entitled to relief under § 2255. *See* 28 U.S.C. foll. § 2255, Rule 4(b).

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because it is clear that Brown does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 16th day of June, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

6